IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DERRICK BERNARD JACKSON,<br><br>          Petitioner<br><br>VS.<br><br>BILLY BROWN, WARDEN,<br><br>          Respondent | NO. 5:09-CV-337 (CAR)<br><br>PROCEEDINGS UNDER 28 U.S.C. § 2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

# RECOMMENDATION

Before the court is the respondent Billy Brown's motion seeking dismissal of the instant habeas corpus petition. Tab #17. In his brief in support of the motion, the respondent avers that, prior to filing the instant action, petitioner Derrick Bernard Jackson failed to exhaust his available state judicial remedies as required by 28 U.S.C. §2254(b) and (c) and *Rose v. Lundy*, 455 U.S. 509 (1982). Petitioner Jackson was ordered to respond (Tab #22) and has responded (Tab #23, Tab #27, and Tab #28) to the respondent's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 24, 2007, in the Superior Court of Jones County, Georgia, petitioner Jackson entered a guilty plea to the offense of forgery in the first degree. He received a sentence of three (3) years probation. Thereafter, on December 3, 2008, an arrest warrant was issued for the petitioner alleging that he had committed the offense of theft by taking a motor vehicle in Wilkinson County, Georgia on November 2, 2008. On February 13, 2009, the warrant was executed, and the petitioner was arrested. On February 24, 2009, petitioner filed a **state** habeas corpus petition challenging his continued detention pending a probation revocation hearing. On March 9, 2009, this **state** habeas corpus action came on for an evidentiary hearing. Also on March 9, 2009, the first of three separate petitions for revocation of the petitioner's probation was filed. The other two petitions were filed on March 16, 2009 and April 7, 2009. On April 16, 2009, a probation revocation hearing was held, at which the balance of the petitioner's probation was revoked for new offenses of theft by conversion, speeding, and a seat belt violation regarding minors. A written order to that effect was entered on April 17, 2009.

On May 5, 2009, petitioner Jackson filed a notice of appeal with the Georgia Court of Appeals in an attempt to challenge the April 17, 2009 revocation order. On May 19, 2009, during the pendency of this appeal, the **state** court denied relief with regard to the petitioner's earlier claims involving his detention preceding the revocation hearing. On August 27, 2009, the Georgia Court of Appeals dismissed petitioner's appeal citing his failure to comply with the required discretionary appeal procedures. His subsequent request for reconsideration was denied on September 15, 2009.

On September 21, 2009, petitioner Jackson executed a second **state** habeas corpus petition in the Superior Court of Jones County, Georgia **AND** the instant **federal** petition. Tab #1. These currently pending petitions are substantially similar in content and both seek to challenge the April 17, 2009 probation revocation order discussed above. After responding to the **federal** petition, the respondent filed the motion seeking dismissal presently under consideration.

## LEGAL STANDARDS

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing Ex Parte Royall*, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (*quoting Fay v. Noia*, 372 U.S. 391, 438 (1963)).

The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). It has also been emphasized that the federal claim "must be fairly presented to the state courts." *Picard v. Connor, supra,* 404 U.S. at 275.

## DISCUSSION AND CONCLUSION

In view of the above, and after a careful review of the rather convoluted record in this case, it appears that petitioner Jackson has indeed failed to properly exhaust his available state judicial remedies *prior* to filing the instant **federal** petition as required by law.  For this reason, his petition is not properly before this court.

Accordingly, **IT IS RECOMMENDED** that the respondent's MOTION TO DISMISS be **GRANTED** and that the instant petition be **DISMISSED** *without prejudice* to the petitioner's right to re-file once he has exhausted his state remedies, **PROVIDED** he is otherwise permitted by law to so proceed.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 15th day of APRIL, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE